WILLIAM DAVIS AND LAURETTA E. NEBLO, ADMINISTRA-
TRIX OF ESTATE OF EMIL NEBLO, DECEASED, PROSE-
CUTORS-APPELLANTS, v. JOHN C. WEGNER, DEPUTY
COMMISSIONER OF NEW JERSEY DEPARTMENT OF
LABOR, WORKMEN'S COMPENSATION BUREAU, AND
THE CITY OF NEWARK, A MUNICIPAL CORPORATION,
DEFENDANTS-APPELLEES.

Argued October 24, 1941—Decided January 29, 1942.

For the prosecutor-appellant William Davis, *Robinson & Morris* (*Irving Morris,* of counsel).

For the prosecutor-appellant Lauretta E. Neblo, adminis-tratrix, *Carl Abruzzese.*

For the defendants-appellees, *Raymond Schroeder* (*Thomas L. Parsonnet,* of counsel).

The opinion of the court was delivered by

COLIE, J. This appeal brings up an order entered August 16th, 1941, by Mr. Justice Parker dismissing a writ of *certiorari* which sought to review two orders of the Compen-sation Bureau. A summary of the facts leading up to the order under appeal is essential to an understanding of the action taken by the Supreme Court.

William Davis, an illiterate and aged negro, while employed by the City of Newark, sustained injuries from accidents arising out of and in the course of his employment, to recover compensation for which he filed a claim petition, through his attorney, Emil Neblo, now deceased. The city admitted all the necessary facts to support an award, disputing only the extent of disability. The Bureau heard the testimony of doctors for the petitioner and the respondent and, on July

29th, 1940, entered an order awarding permanent disability to Davis in the sum of $2,383.75. The deputy commissioner who heard the matter ordered that the funds be disbursed through the Labor Department and so instructed Neblo. Nevertheless the check in payment of the award was made out to the employee Davis, who endorsed it to Neblo. Neblo deposited it in his own account and gave his client, Davis, $300. On August 9th, 1940, as the result of action taken by the Newark police department, Neblo gave his check to the City of Newark for the undistributed part of the award. That money is in the hands of the city. At the conference which resulted as aforesaid, there were present Deputy Chief Haller, Neblo and Mr. Simon Englander, a member of the city's legal staff. At the conclusion of the conference Mr. Englander told Neblo that he was going to apply to the deputy commissioner to reopen the judgment, to which Neblo replied that he did not care since he was now out of the case. On the same date the attorney for the city appeared, *ex parte,* before the deputy commissioner, and after advising him of the conference had that day, the deputy commissioner, on his own motion, made an order setting aside the award "pending further determination of the cause and controversy." There was before the deputy commissioner proof that part of the compensation payment had been used to pay a "runner" who brought Neblo into the case; that the injured employee had received but $300 of a $2,383.75 award; that the city claimed to have a meritorious defense which, in view of its having raised no defense previously, excepting as to the extent of disability, would support an inference of fraud both upon the city and the Compensation Bureau. We point out that Mr. Englander who appeared for the city subsequent to the award had no part in any phases up to the entering of the award.

The attack directed against the setting aside of the award and granting a rehearing is based on the ground that the appellant Davis had no notice of the application and was thereby deprived of his right to be heard. The return to the writ of *certiorari* clearly sets forth that counsel for Davis gave notice of a motion to vacate the order setting aside the award and granting a rehearing and that motion was argued before

the deputy commissioner in the presence of counsel for both sides, and thereafter the deputy commissioner entered an order denying the motion to vacate the previous order entered on August 9th, 1940, and set the case down for a hearing on its merits. Thus it appears that appellant has had his day in court on the question of vacating the prior award and will have his day in court on the merits when the rehearing is held.

It remains only to consider whether the deputy commissioner had the legal right to vacate the previously entered award. The question has been before the Supreme Court in *Rose* v. *Wagner Construction Co.,* 2 *N. J. Mis. R.* 118, and was there decided in the affirmative. We are of the opinion that *R. S.* 34:15-58 which reads in part, as follows: "The judgment of the bureau shall be final and conclusive between the parties and shall bar any subsequent action or proceeding, unless reopened by the bureau or appealed as hereinafter provided" gives statutory sanction for the action taken by the Bureau.

The order of the Supreme Court dismissing the *certiorari* is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—DONGES, J. 1.